# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DONDRAS L. HOUSE,**

    Plaintiff,

-vs-                                Case No. 15-C-1474

**STATE FARM FIRE & CASUALTY Co.,
RANDY DOLENSHEK, and MILES
WATTERS,**

    Defendants.

## DECISION AND ORDER

*Pro se* plaintiff Dondras House alleges that State Farm breached his renter's insurance policy when it denied a claim for loss due to burglary. House requests leave to proceed *in forma pauperis*. House's financial affidavit demonstrates that he is unable to pay the filing fee to commence this case. 28 U.S.C. § 1915(a)(1).

The Court is also satisfied that the complaint states an actionable claim for relief against State Farm. § 1915(e)(2)(B)(ii). However, House cannot bring claims against the remaining defendants, Randy Dolenshek and Miles Watters, because they are claims processors, not parties to the insurance contract. *See, e.g., Wilkinson v. State Farm Fire & Casualty Co.*, No. 12-C-1187, 2015 WL 113299, at *2 (E.D. Wis. Jan. 8, 2015) (explaining

that there can be no claim for breach of contract or breach of the duty of good faith and fair dealing against claims processors or insurance agents).

Finally, the Court must address subject matter jurisdiction. *Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993) ("Courts in the federal system are obliged to police the statutory and constitutional limitations on their subject matter jurisdiction"). House invokes diversity jurisdiction, which requires that no plaintiff be a citizen of the same state as any defendant, and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). House alleges that he currently lives in Milwaukee and lived in Milwaukee at all times relevant to this lawsuit. Thus, it is reasonable to infer that House is domiciled here in Wisconsin. *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006) ("'Citizenship' for diversity purposes is determined of course by a party's domicile, which means the state where a party is physically present with an intent to remain there indefinitely"). House also alleges that State Farm is an Arizona corporation, but the Court's understanding from other cases is that State Farm is an Illinois corporation. At minimum, the Court can take judicial notice that State Farm is not a Wisconsin corporation, so complete diversity is intact.

As for the amount in controversy, House seeks $20,106.00 in compensatory damages and $75,000.00 in punitive damages. "In cases such

- 2 -

Case 2:15-cv-01474-PP   Filed 01/20/16   Page 2 of 4   Document 4

as this, where punitive damages are relied upon to satisfy the amount in controversy requirement, the court must first determine whether punitive damages are recoverable under state law. If punitive damages are available, subject matter jurisdiction exists unless it is 'legally certain' that the plaintiff will be unable to recover the requisite jurisdictional amount." *LM Ins. Corp. v. Spaulding Enterprises, Inc.*, 533 F.3d 542, 551 (7th Cir. 2008). Punitive damages are available because House alleges that State Farm acted in bad faith. *Davis v. Allstate Ins. Co.*, 303 N.W.2d 596, 601 (Wis. 1981); *Heyden v. Safeco Title Ins. Co.*, 498 N.W.2d 905, 908 (Wis. Ct. App. 1993) (overruled on other grounds). Moreover, it is not "legally certain" that House will be unable to recover more than $75,000.00. Therefore, the Court is currently satisfied that it has subject matter jurisdiction to proceed. This finding does not preclude any type of motion challenging the Court's subject matter jurisdiction.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** House's motion for leave to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED THAT** House's claims against Dolenshek and Watters are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(3),

that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon State Farm. House is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service, the U.S. Marshals Service fees are not considered court fees, and Congress has not made any provision for these fees to be waived by the Court.

House must provide defendants or their counsel with copies of all future motions or papers filed by the plaintiff in this action and keep the clerk advised of any changes in her address. Failure to do so can result in dismissal of this action for failure to prosecute. Fed. R. Civ. P. 41(b).

Dated at Milwaukee, Wisconsin, this 20th day of January, 2016.

                                        **SO ORDERED:**

                                        */s/ Rudolph T. Randa*
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**