UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONDRAS L. HOUSE,                          Case No. 15-cv-1474-pp

        Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

        Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO PROSECUTE (DKT. NO. 20)**

---

This case comes before the court on defendant State Farm Fire and Casualty Company's motion to dismiss for failure to prosecute or, in the alternative, to enter an order compelling the plaintiff to produce his discovery responses. Dkt. No. 20. For the reasons explained below, the court will grant the defendant's motion, and will dismiss this action without prejudice.

**I.    BACKGROUND**

This case relates to an alleged property theft at the plaintiff's apartment. The plaintiff presented an insurance claim to the defendant, which denied the claim. The plaintiff, proceeding without a lawyer, then filed a complaint alleging that the defendant breached its insurance contract and acted in bad faith. Dkt. No. 1. The defendant answered the complaint, and Judge Randa[1] held a Rule 16 scheduling conference on June 1, 2016. The parties agreed to make their

---

[1] This case originally was assigned to Judge Randa, and it was reassigned to this court after he became ill.

1

initial disclosures under Federal Rule of Civil Procedure 26 by May 25, 2016, and on June 3, 2016, the defendant served its first set of written discovery requests to the plaintiff. Dkt. Nos. 22-9, 22-13. On July 6, 2016, the defendant sent a letter to the plaintiff informing him that the defendant still had not received his initial disclosures, and asking the plaintiff to tell the defendant when his discovery responses would be served. Dkt. No. 22-10. Later that month, on July 29, 2016, the defendant sent a second letter to the plaintiff, asking him to participate in a telephonic meet-and-confer session regarding the status of the plaintiff's discovery responses. Dkt. No. 22-11.

On August 5, 2016, the plaintiff told the defendant that he no longer wanted to continue the litigation. Dkt. No. 22, ¶16. Then, on August 18, 2016, the plaintiff served a document which he characterized as his responses to the defendant's first set of written discovery requests. Id., ¶17. The defendant sent the plaintiff a certified letter, dated August 31, 2016, regarding his failure to serve his initial disclosures and failure to respond to the defendant's first set of written discovery requests. Dkt. No. 22-13. According to the defendant, the plaintiff's discovery responses were deficient in many ways, and he refused to produce any documents in response to the defendant's document requests. Id. at 1-2. In that letter, the defendant asked the plaintiff to respond to that letter by September 16, 2016 (which the plaintiff failed to do), and explained to the plaintiff that the defendant would presume the plaintiff did not intend to comply with his discovery obligations if he failed to respond by September 23, 2016. Id. at 2.

On October 10, 2016, after the case had been reassigned to this court, the defendant filed its motion to dismiss. Dkt. No. 20. The motion asks the court to dismiss the case under Fed. R. Civ. P. 41(b) for the plaintiff's failure to prosecute or, in the alternative, to enter an order compelling the plaintiff to serve his initial disclosures and respond to the defendant's outstanding written discovery requests. Id. The plaintiff did not respond to that motion within the time allowed under the court's local rules. Because the court was uncertain whether the plaintiff knew that he had a right to respond to the motion, the court issued an order allowing the plaintiff to file a response to the defendant's motion by December 2, 2016. Dkt. No. 23. The court warned the plaintiff that if he did not respond to the motion, the court would decide the motion without the plaintiff's input and could dismiss the case. Id. at 3. The plaintiff did not respond to the defendant's motion or file any document in response to the court's order, and the court's order did not come back as undeliverable.

## II. ANALYSIS

Fed. R. Civ. P. 41(b) states, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The rule further states that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."

The Seventh Circuit has acknowledged that dismissal of a lawsuit is an "extreme sanction," and that dismissal for failure to prosecute is "draconian." In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig., 124 F. App'x 452,

3

456 (7th Cir. 2005) (citing Maynard v. Nygren, 332 F.3d 462, 467 (7th Cir. 2003)). For that reason, a court may dismiss for failure to prosecute only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Id. The court must warn the party that dismissal is possible, id., and must consider "among other things, the frequency and magnitude of the plaintiff's failure to prosecute, the likelihood of success on the merits, prejudice to the defendant, and the impact of delay on the court's docket." Id. (citing Aura Lamp & Lighting, Inc. v. Int'l Trading Corp., 325 F.3d 903, 908 (7th Cir. 2003)).

In this case, the court's October 10, 2016 order clearly warned the plaintiff that the court could dismiss his case if he did not respond to the defendant's motion to dismiss. The court also finds that there is a clear record of delay. The plaintiff has not served his initial disclosures or participated meaningfully in the discovery process or the meet-and-confer sessions requested by the defendant. Because the plaintiff failed to comply with Fed. R. Civ. P. 26 and 33, did not participate in the meet-and-confer sessions the defendant attempted to convene, and did not respond to the defendant's motion to dismiss, the court finds that the plaintiff has "persisted in neglecting the case . . . ." In re Bridgestone/Firestone, Inc., 124 F. App'x at 457. For that reason, the court finds that it is appropriate to dismiss the case. Because the plaintiff is not represented, however, the court will dismiss the action without prejudice.

4

Case 2:15-cv-01474-PP   Filed 12/20/16   Page 4 of 5   Document 24

## III. CONCLUSION

For the reasons explained above, the court **GRANTS** the defendant's motion to dismiss, Dkt. No. 20, and **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

Dated in Milwaukee, Wisconsin this 20th day of December, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge